UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.: 3:13-CR-145-TAV-HBG-2 |
| | ) |
| EDDIE TAYLOR, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's *pro se* letter regarding pending state criminal charges against him [Doc. 95]. The defendant states that the Court's intention in imposing his federal sentence in this case was that "if anything came up with my pending charges in Knox County it would get run concurrent." The defendant informs the Court that, along with the state charges that were pending at the time of his sentencing hearing, "[t]he state is also trying to charge me with unlawful possession of a weapon." The defendant asked the Court to contact the state District Attorney or judge to inquire whether the new charges can be dismissed, and to run defendant's federal charges concurrent to any state charges.

The Court interpreted the defendant's letter as a motion to dismiss state criminal charges, or in the alternative, to correct the judgment [Doc. 74] to reflect that his federal sentence was ordered to run concurrently to any state sentence that is based upon relevant conduct to his federal conviction. *See* Fed. R. Crim. P. 36.

The Court denied the defendant's request to dismiss pending state criminal charges, and directed the government to file a response to the defendant's motion regarding having his federal sentence run concurrently to his pending state charges [Doc. 98]. The United States responded [Doc. 99], in which it stated that there is no need to amend the judgment further, as the federal sentence is being run concurrently to any imprisonment imposed by the state in the General Sessions Court for Knox County, Tennessee case numbers 1056705 and 1056706.

The defendant's former counsel replied [Doc. 105], stating that the case numbers 1056705 and 1056706 were dismissed against the defendant, and new charges have been filed in the Criminal Court for Knox County, Tennessee for conspiracy to possess and distribute heroin. The defendant's counsel submits that the charges in Criminal Court for Knox County, Tennessee case number 102860 are related to the federal charges in this case to which the defendant pled guilty and was sentenced, much like the charges in case numbers 1056705 and 1056706. Thus, defendant's counsel submits that the defendant's judgment should be amended so as to have his federal sentence run concurrently with any sentence imposed in that case, as the Court had previously done for case numbers 1056705 and 1056706.

Thereafter, the Court directed the United States to file a supplemental response [Doc. 120]. In its supplemental response, the government stated that it "has no objection to the proposal of defendant's former appointed counsel, . . . as that would be consistent with the position of the United States as set forth during the defendant's sentencing and

which resulted in the original judgment reflecting a concurrent sentence with the pending state charges" [Doc. 125].

Pursuant to Federal Rule of Civil Procedure 36, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The Sixth Circuit has recognized that "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Robinson,* 368 F.3d 653, 656 (6th Cir. 2004) (citations omitted) (also noting that "Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court"). Like the Second and Seventh Circuits, the Sixth Circuit has noted that Rule 36 "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself." *Id.* at 656–57 (citations omitted).

The Court finds that, despite the government's position, the Court cannot amend the defendant's judgment so as to have his federal charges run concurrently to the pending state charges in Criminal Court for Knox County, Tennessee case number 102860. Amending the judgment so as to have the defendant's federal charges run concurrently with charges in a case that was not pending at the time of the defendant's sentencing, unlike the charges in General Sessions Court for Knox County, Tennessee case numbers 1056705 and 1056706, would not qualify as the sort of clerical error amendment authorized by the Sixth Circuit under Rule 36. Rather, such an amendment is

3

more in tune with a misidentification that the Sixth Circuit has expressly stated is not authorized by Rule 36.

Even if it had been the Court's intention to have the federal sentence run concurrently with pending state charges against the defendant for related conduct—which the Court does not admit—the Judgment [Doc. 74] only orders the federal sentence in this case to run concurrently with those charges in General Sessions Court for Knox County, Tennessee case numbers 1056705 and 1056706, and Third Circuit Court, Detroit, Michigan, docket number 05-3878-01. As the Sixth Circuit forbids courts from utilizing Rule 36 as a means for vindicating the court's "unexpressed sentencing expectations," the Court could not amend the judgment in this case so as to reflect the Court's intention at sentencing. *Robinson,* 368 F.3d at 656–57.

Accordingly, the defendant's motion [Doc. 95] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

4