UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.:  3:13-CR-145-TAV-HBG-2 |
| | ) |
| EDDIE TAYLOR, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's motion for a sentence reduction [Doc. 182]. In the defendant's motion, the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual. The government has responded [Doc. 186]. The government asserts that the defendant is not eligible for relief because his plea agreement contained a Rule 11(c)(1)(C) provision that did not explicitly link the agreed-upon sentence to any guideline range.

**I.     Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term

> of imprisonment, after considering the factors set forth in section 3553(a) to
> the extent that they are applicable, if such a reduction is consistent with
> applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application

decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II. Analysis

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

To be eligible for a reduced sentence under Amendment 782, the defendant's agreed-upon sentence must have been "based on" a sentencing range that was subsequently lowered by the Sentencing Commission. *United States v. Garrett*, 758 F.3d 749, 755 (6th Cir. 2014).

---

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B).

In *Freeman v. United States*, the Supreme Court considered whether a defendant who was sentenced pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) agreed-upon sentence or sentencing range is eligible for a sentence reduction under § 3582(c)(2). Justice Sotomayor's concurrence, which controls as the narrowest concurring opinion, *see United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011), establishes that if a Rule 11(c)(1)(C) agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the . . . Sentencing Commission, the term of imprisonment is 'based on' the range employed." *Freeman v. United States*, 131 S. Ct. 2685, 2695 (2011) (Sotomayor, J., concurring). As a result, the defendant would be eligible for sentence reduction under § 3582(c)(2). *Id.*

In applying *Freeman*, the Sixth Circuit has instructed that "we apply a basic syllogism: if the sentence is based on a plea agreement, and the plea agreement relies on a given sentencing range, then the sentence is based on that range." *Garrett*, 758 F.3d at 755. In the context of a Rule 11(c)(1)(C) plea agreement, "the district court is bound by that agreement if it accepts it, and the defendant's sentence is therefore 'based on' that agreement." *Id.* at 757. To determine whether that agreement is, in turn, "based on" a subsequently lowered guideline range, the Court must ask whether the agreed-upon sentence "would likely have been different had the guideline, as amended, been in place at the time of sentencing." *Id.* at 756 (finding that the Rule 11(c)(1)(C) plea agreement contained a sentencing range of which the upper bound was subsequently lowered by the

4

Sentencing Commission, so the defendant's sentence was "based on" a subsequently lowered guideline range). To summarize, "for the defendant to be eligible for a sentence reduction under § 3582(c)(2), the agreement must 'employ[ ] a particular Guidelines sentencing range to establish the term of imprisonment.'" *Id.* (citing *Freeman*, 131 S. Ct. at 2698 (Sotomayor, J., concurring)).

In the instant case, the defendant's original guidelines range was 87 to 108 months' imprisonment [Doc. 65 ¶ 69]. The defendant's plea agreement, however, contained a Rule 11(c)(1)(C) agreement that a sentence of 87 months' imprisonment was appropriate [Doc. 32 ¶ 7]. The Court subsequently sentenced the defendant to a term of 87 months' imprisonment, pursuant to the plea agreement [Doc. 74]. This sentence likely would not have been different had the amended guidelines been in place at the time of sentencing, as the agreed-upon sentence did not employ a particular guidelines range or drug quantity to establish the term of 87 months' imprisonment. *Garrett*, 758 F.3d at 756. Thus, the sentence was not "based on" a sentencing guideline that has since been lowered. Accordingly, the Court lacks jurisdiction under § 3582(c) to modify the defendant's sentence.

### III. Conclusion

For the reasons stated herein, the defendant's motion [Doc. 182] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE