UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No.: 3:13-CR-145-TAV-HBG-2 |
|  | ) |  |
| EDDIE TAYLOR, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's renewed motion for a sentence reduction [Doc. 200]. In defendant's motion, defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual. This Court had previously denied defendant's first motion for a sentence reduction [Doc. 182] in light of Supreme Court and Sixth Circuit precedent at the time. Defendant appealed, and the Sixth Circuit remanded [Doc. 198] in light of the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018). Thereafter, the government filed a supplemental response to defendant's initial motion in anticipation of defendant's renewed motion [Doc. 199]. The government defers to the Court's discretion whether and to what extent to grant any reduction in defendant's sentence.

### I. Standard of Review

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions."

*Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation

omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II. Factual Background

Defendant pleaded guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to conspiring to distribute at least 100 grams of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) [Doc. 32]. At the time of sentencing, defendant was held responsible for distributing at least 875 grams of heroin [Doc. 32 ¶ 5(e)]. Given the amount of drugs for which defendant was held responsible, defendant's base offense level was 30 [Presentence Investigation Report ("PSR" ¶ 34]. Defendant received a three-level reduction for acceptance of responsibility pursuant to section 3E1.1(a) and (b), which

---

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B). That is not the case here.

3

resulted in a total offense level of 27 [*Id.* ¶ 43]. Given defendant's criminal history category of III, defendant's applicable guideline range was 87 to 108 months' imprisonment [*Id.* ¶¶ 52, 69].

Pursuant to Rule 11(c)(1)(C), defendant and the government agreed to a sentence of 87 months' imprisonment [Doc. 32 ¶ 7]. The Court accepted the plea agreement and sentenced defendant on May 28, 2014, to 87 months' imprisonment [Doc. 74], which is within the range produced by the Guidelines. Defendant is presently scheduled for release on March 13, 2020 [Doc. 200 p. 2].

## III. Analysis

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

As an initial matter, defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," within the meaning of 18 U.S.C. § 3582(c)(2). Defendant's sentence was based on a Rule 11(c)(1)(C) plea agreement, in which the parties "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing

4

Guidelines, or policy statement, or sentencing factor does or does not apply."[2] In *Hughes v. United States*, 138 S. Ct. 1765 (2018), the Supreme Court "resolved the uncertainty that resulted from [the] Court's divided decision in *Freeman*, [564 U.S. 522 (2011)]," and held that "a sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Id.* at 1775. A defendant is eligible for a sentence reduction unless there is a "clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines." *Id.* at 1776. Because that is not the case here, defendant is eligible for relief under § 3582(c)(2) [*see* Doc. 199 p. 3].

Applying Amendment 782, defendant's revised base offense level is 28, and affording defendant the same adjustments defendant originally received, defendant's new total offense level is 25. U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). A total offense level of 25 and a criminal history category of III results in an amended guideline range of 70 to 87 months' imprisonment. Thus, defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* U.S. Sentencing

---

[2] Because "[s]uch a recommendation or request binds the court once the court accepts the plea agreement," Fed. R. Crim P. 11(c)(1)(C), the Court does not have discretion to depart or vary from the agreed-to disposition if the plea agreement is accepted.

Guidelines Manual § 1B1.10. "[T]o satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's applicable guideline range." *Riley*, 726 F.3d at 758 (internal quotation marks and citations omitted). As discussed, that is the case here, where defendant's sentence would be reduced in accordance with a policy change by the Sentencing Commission.

The Court will now consider the § 3553(a) factors in determining whether and to what extent the defendant's sentence may be reduced. As an initial matter, the Court determines that factors similar to the ones that applied at defendant's initial sentencing also apply at this time. Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of defendant's offense(s) and defendant's history and characteristics. As reflected in the Presentence Investigation Report, defendant transported large quantities of heroin from Michigan to Tennessee, where he admitted to distributing at least 875 grams of heroin [PSR ¶¶ 17, 19]. Defendant was raised by his father and girlfriend in Detroit, Michigan, and has one child [*Id.* ¶¶ 57–59].

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of defendant, and to provide defendant with needed education and training, medical care, or

other correctional treatment.[3] Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). And the Court has considered the danger to the public as the result of any reduction in defendant's sentence, the seriousness of defendant's offenses, and the need to protect the public. *See* U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(ii).

The government informs the Court that defendant has been sanctioned on one occasion while incarcerated for disrupting phone monitoring, but that it has no other information to present in opposition to a sentence reduction under Amendment 782. The government states that it defers to the Court's discretion whether to grant a reduction in the defendant's sentence, and, if so, to what extent.

Accordingly, after considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds a reduction in defendant's sentence to be appropriate. In making this determination, the Court is particularly influenced by the changes in offense levels affected by Amendment 782. The Court has also taken into consideration the risk defendant poses to public safety, the nature and circumstances of defendant's offense(s), defendant's personal characteristics, criminal history, and post-sentencing conduct.

---

[3] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See generally Tapia v. United States*, 131 S. Ct. 2382 (2011).

**IV. Conclusion**

For the reasons stated herein, defendant's motion [Doc. 200] is **GRANTED** and defendant's sentence is **REDUCED** to **70 months' imprisonment**. If this sentence is less than the amount of time defendant has already served, the sentence shall be reduced to a "time served" sentence. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(C).

Except as otherwise provided in this order, all provisions of the judgment dated May 30, 2014 [Doc. 74], shall remain in effect.

IT IS SO ORDERED.

                                        s/ Thomas A. Varlan
                                        CHIEF UNITED STATES DISTRICT JUDGE